1  DAVID D. PIPER, CASB No. 179889
   david.piper@kyl.com
2  JOSHUA NORTON, CASB No. 292692
   joshua.norton@kyl.com
3  KEESAL, YOUNG & LOGAN
   A Professional Corporation
4  400 Oceangate
   Long Beach, California 90802
5  Telephone:   (562) 436-2000
   Facsimile:   (562) 436-7416
6

7  Attorneys for Defendant U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR
   TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO
8  LASALLE BANK N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-
   THROUGH CERTIFICATES, SERIES 2005-AR15, ERRONEOUSLY SUED AS
9  BANK OF AMERICA, N.A. AS SUCCESSOR IN INTEREST TO LASALLE BANK
   N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES
10 SERIES 2005-AR15
11

12                 **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

14

15 NILOUFAR YOUNESSI,                    )  Case No. 8:14-cv-01059-DOC-RNB
                                         )
16                         Plaintiff,    )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN SUPPORT OF**
17            vs.                        )  **DEFENDANT'S MOTION TO**
                                         )  **DISMISS PLAINTIFF'S COMPLAINT**
18 BANK OF AMERICA, N.A. AS              )
   SUCCESSOR IN INTEREST TO              )  Date:    September 15, 2014
19 LASALLE BANK NA AS TRUSTEE            )  Time:    8:30 a.m.
   FOR WAMU MORTGAGE PASS-               )  Place:   Courtroom 9D
20 THROUGH CERTIFICATES SERIES           )
   2005-AR15; and                        )
21 "ALL PERSONS or ENTITIES              )
   UNKNOWN CLAIMING ANY LEGAL            )
22 or EQUITABLE RIGHT, TITLE,            )
   ESTATE, LIEN or INTEREST in the       )
23 PROPERTY DESCRIBED in this            )
   COMPLAINT ADVERSE to                  )
24 PLAINTIFF'S TITLE, or ANY CLOUD       )
   UPON PLAINTIFF'S TITLE THERETO"       )
25 and                                   )
   DOES 1-25, Inclusive,                 )
26                                        )
                                         )
27                         Defendants.    )
                          _____  )
28

KYL_LB1752535

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES……………………………………………….……..ii

I. INTRODUCTION...................................................................................................... 1

II. STATEMENT OF FACTS ...................................................................................... 2

III. LEGAL STANDARD FOR MOTION TO DISMISS ........................................ 4

IV. ARGUMENT .......................................................................................................... 5

    A.    PLAINTIFF'S QUIET TITLE ACTION SHOULD BE DISMISSED AS PREMATURE BECAUSE NO FORECLOSURE SALE HAS TAKEN PLACE. ......................................................................................................... 5

    B.    PLAINTIFF'S QUIET TITLE CLAIM FAILS BECAUSE SHE FAILS TO ALLEGE TENDER. .................................................................................. 6

    C.    PLAINTIFF'S CLAIM THAT THE DEED OF TRUST IS INVALID IS BARRED BY THE STATUTE OF LIMITATIONS AND WITHOUT MERIT. .......... 7

    D.    PLAINTIFF LACKS STANDING TO CHALLENGE DEFENDANT'S AUTHORITY TO INITIATE FORECLOSURE. ..................................... 9

    E.    JUDICIALLY NOTICEABLE FACTS DEMONSTRATE THAT DEFENDANT ACQUIRED BENEFICIAL INTEREST IN THE SUBJECT LOAN. ........................................................................................................ 11

    F.    PLAINTIFF'S ALLEGATIONS THAT AN ALLEGED PREVIOUS ASSIGNMENT OF BENEFICIAL INTEREST EXTINGUISHED THE UNDERLYING DEBT ARE WITHOUT MERIT. ....................................... 13

V. CONCLUSION ...................................................................................................... 15

i

1

## <u>TABLE OF AUTHORITIES</u>

2

Page

3

## FEDERAL CASES

4

*Anderson v. U.S. Bank, N.A.*,

5

    2014 U.S. Dist. LEXIS 1636 (N.D. Cal. Jan. 6, 2014) ............................................. 13

6

*Ashcroft v. Iqbal*,

7

    556 U.S. 662 (2009) ............................................................................................... 4

8

*Barnes v. Bank of Am., N.A.*,

    2012 U.S. Dist. LEXIS 44146 (S.D. Cal. Mar. 27, 2012) ........................................ 10

9

*Barron v. Reich*,

10

    13 F.3d 1370 (9th Cir. 1994) ................................................................................. 4

11

*Bell Atl. Corp. v. Twombly*,

12

    550 U.S. 544 (2007) ............................................................................................... 4

13

*Beltran v. Accubank Mortg. Corp.*,

14

    2012 U.S. Dist. LEXIS 96200 (E.D. Cal. July 10, 2012) ...................................... 9, 10

15

*Carpenter v. Logan*,

16

    83 U.S. 271 (1872) ................................................................................................. 11

17

*Cerecedes v. United States Bankcorp*,

18

    2011 U.S. Dist. LEXIS 51452 (C.D. Cal. Apr. 29, 2011) ........................................ 8

19

*Cervantes v. Countrywide Home Loans, Inc. et al.*,

    656 F.3d 1034 (9th Cir. 2011) ............................................................................. 9, 10

20

*Conley v. Gibson*,

21

    355 U.S. 41 (1957) ................................................................................................. 4

22

*Cornell v. Select Portfolio Servicing, Inc.*,

23

    2011 U.S. Dist. LEXIS 101153 (E.D. Cal. Sept. 8, 2011) ...................................... 5

24

*Gjurovich v. Cal.*,

25

    2010 U.S. Dist. LEXIS 118797 (E.D. Cal. Oct. 26, 2010) ...................................... 6

26

*Halajian v. Deutsche Bank Nat'l Trust Co.*,

27

    2013 U.S. Dist. LEXIS 20341 (E.D. Cal. Feb. 13, 2013) ........................................ 8

28

KYL_LB1752535

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Haynes v. JPMorgan Chase Bank, N.A.*,
    2011 U.S. Dist. LEXIS 69703 (M.D. Ga. June 29, 2011) ........................................ 12

*Jackson v. Carey*,
    353 F.3d 750 (9th Cir. 2003) ...................................................................................... 5

*Javaheri v. JPMorgan Chase Bank, N.A.*,
    2012 U.S. Dist. LEXIS 175743 (C.D. Cal. Dec. 11, 2012)..................................... 13

*Lane v. Vitek Real Estate Indus. Group*,
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ................................................................... 13

*Lee v. City of L.A.*,
    250 F.3d 668 (9th Cir. 2001) ...................................................................................... 4

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) .................................................................................... 5

*Matracia v. JPMorgan Chase Bank, N.A.*,
    2011 U.S. Dist. LEXIS 84066 (E.D. Cal. Aug. 1, 2011)................................... 13, 14

*Saber v. JPMorgan Chase Bank, N.A.*,
    2014 U.S. Dist. LEXIS 8718 (C.D. Cal. Jan. 23, 2014)...................................... 8, 11

*In re Silicon Graphics Inc. Sec. Litig.*,
    183 F.3d 970 (9th Cir. 1999) ...................................................................................... 5

*Singh v. Wells Fargo Bank N.A.*,
    2012 U.S. Dist. LEXIS 11354 (N.D. Cal. Jan. 31, 2012)...................................... 5, 6

**STATE CASES**

*Aguilar v. Bocci*,
    39 Cal. App. 3d 475 (1974) ........................................................................................ 6

*Bank of Italy Nat. Trust & Sav. Assn. v. Bentley*,
    217 Cal. 644 (1933) .................................................................................................. 14

*Carpenter and Henley v. Hotaling*,
    41 Cal. 22 (1871) ................................................................................................ 10, 11

*Costa Serena Owners Coalition v. Costa Serena Architectural Com.*,
    175 Cal. App. 4th 1175 (2009) ................................................................................... 7

iii

*Gomes v. Countrywide Home Loans, Inc.*,
   192 Cal. App. 4th 1149 (2011) ...................................................................... 9

*Haynes v. EMC Mortgage Corp.*,
   205 Cal. App. 4th 329 (2012) ..................................................................... 13

*Miller v. Provost*,
   26 Cal. App. 4th 1703 (1994) ...................................................................... 6

*Nguyen v. Calhoun*,
   105 Cal. App. 4th 428 (2003) ...................................................................... 6

*Robertson v. Super. Ct.*,
   90 Cal. App. 4th 1319 (2001) ...................................................................... 7

*Robinson v. Countrywide Home Loans, Inc.*,
   199 Cal. App. 4th 42 (2011) ....................................................................... 9

*Winnet v. Roberts*,
   179 Cal. App. 3d 909 (1986) ..................................................................... 14

*Zakaessian v. Zakaessian*,
   70 Cal. App. 2d 721 (1945) ........................................................................ 7

## FEDERAL STATUTES

FED. R. CIV. P.
   Rule 12(b) .................................................................................................. 4
   Rule 12(b)(6).............................................................................................. 4

FED. R. EVID.
   Rule 201 ..................................................................................................... 4

## STATE STATUTES

CAL. CIV. CODE
   § 1486........................................................................................................ 6
   § 1494........................................................................................................ 6
   § 2924(a)................................................................................................... 9
   § 3412........................................................................................................ 7

CAL. CIV. PROC. CODE
   § 343......................................................................................................... 7

KYL_LB1752535

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK N.A., AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR15, ERRONEOUSLY SUED AS BANK OF AMERICA, N.A. AS SUCCESSOR IN INTEREST TO LASALLE BANK N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR15 ("Defendant") hereby submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff NILOUFAR YOUNESSI's ("Plaintiff") Complaint.

## I.

## INTRODUCTION

Plaintiff alleges a single cause of action for Quiet Title which seeks to invalidate Defendant's security interest under a Deed of Trust encumbering the Subject Property in dispute and challenges Defendant's authority to initiate foreclosure proceedings as beneficiary under the Deed of Trust. The primary basis for Plaintiff's claim is her allegation that the loan was securitized at some unspecified point in time before Defendant acquired the loan, and that this somehow satisfied the unpaid obligation due under the Loan. There is no legal support for Plaintiff's stance, it is contradicted by California law, and Plaintiff asserts no facts to show that the loan was ever securitized before Defendant acquired it. Additionally, Plaintiff's claim that the Deed of Trust is invalid is not supported by any facts and the statute of limitations for bringing such a claim has long since expired. Finally, Plaintiff's claim for Quiet Title is premature because no foreclosure has taken place. Because Plaintiff's claim is contrary to California law and she alleges no facts demonstrating that leave to amend would be anything but futile, Plaintiff's Complaint should be dismissed without leave to amend.

1

## II.

## <u>STATEMENT OF FACTS</u>

The following facts set forth in the Complaint and Defendant's concurrently filed Request for Judicial Notice ("RJN") are relevant to this Motion:

- The real property that is the subject of this action is located at 34742 Camino Capistrano, Dana Point, California, 92624 ("Subject Property").  (Compl. at 2.)
- On September 6, 2005, Washington Mutual Bank, FA ("WaMu") recorded a deed of trust ("DOT") encumbering the Subject Property in the Orange County Recorder's Office as instrument number 2005-000701803.  The DOT lists WaMu as the Lender, Plaintiff Niloufar Younessi as the Borrower, California Reconveyance Company ("CRC") as the Trustee, and a loan amount of $840,000 ("Subject Loan").  (RJN Exh. 1.)
- On September 25, 2008, the Federal Deposit Insurance Corporation ("FDIC") and Chase entered into a Purchase and Assumption Agreement ("P&A Agreement") through which Chase purchased certain of Washington Mutual Bank's ("WaMu") assets, including the Note, from the FDIC.  The P&A Agreement is available at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.  (RJN Exh. 2.)
- On March 14, 2011, Chase recorded an Assignment of Deed of Trust with the Orange County Recorder's Office as instrument number 2011-000133480, whereby Chase assigned all beneficial interest under the DOT to Bank of America, National Association successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2005-AR15.  (RJN Exh. 3.)

KYL_LB1752535

- On March 14, 2011, CRC recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") with the Orange County Recorder's Office as instrument number 2011-000133481.  The NOD states that the Subject Loan was $34,993.97 in arrears as of March 10, 2011. (RJN Exh. 4.)

- On November 29, 2011, CRC recorded a Notice of Trustee's Sale with the Orange County Recorder's Office as instrument number 2011-000604423, stating that the unpaid balance and other charges on the loan was approximately $905,211.27.  (RJN Exh. 5.).

- On January 9, 2013, CRC recorded a Notice of Trustee's Sale with the Orange County Recorder's Office as instrument number 2013-000015229, stating that the unpaid balance and other charges on the loan was approximately $933,559.43.  (RJN Exh. 6.)

- On September 24, 2013, CRC recorded a Notice of Trustee's Sale with the Orange County Recorder's Office as instrument number 2013-000550876, stating that the unpaid balance and other charges on the loan was approximately $1,005,275.76.  (RJN Exh. 7.)

- On April 30, 2014, ALAW recorded a Substitution of Trustee with the Orange County Recorder's Office as instrument number 2014-000166282, reflecting that Defendant, as the undersigned Beneficiary under the Deed of Trust, substituted ALAW as the Trustee of the DOT. (RJN Exh. 8.)

- On May 6, 2014, ALAW recorded a Notice of Trustee's Sale with the Orange County Recorder's Office as instrument number 2014-000175374, stating that the unpaid balance and other charges on the loan was approximately $1,035,127.47.  (RJN Exh. 9.)

///

KYL_LB1752535

# III.

## <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a Plaintiffs' allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b). A court may, however, consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Additionally, a court may take judicial notice of "matters of public record" without "converting a motion to dismiss into a motion for summary judgment." *Lee v. City of L.A.*, 250 F.3d

668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).  Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)) (alteration in original).

Dismissal without leave to amend is appropriate when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff has not and cannot allege facts to support the claims in the Complaint and this Court should dismiss it in its entirety, with prejudice.

## IV.

## ARGUMENT

### A. PLAINTIFF'S QUIET TITLE ACTION SHOULD BE DISMISSED AS PREMATURE BECAUSE NO FORECLOSURE SALE HAS TAKEN PLACE.

A quiet title action against a lender under a deed of trust is not ripe for adjudication unless a foreclosure sale of the encumbered property has occurred. *Cornell v. Select Portfolio Servicing, Inc.*, 2011 U.S. Dist. LEXIS 101153, at *13-15 (E.D. Cal. Sept. 8, 2011) (dismissing quiet title claim where no foreclosure sale had taken place); *Singh v. Wells Fargo Bank N.A.*, 2012 U.S. Dist. LEXIS 11354, at *7 (N.D. Cal. Jan. 31, 2012) (plaintiff cannot state a claim for quiet title where no foreclosure sale has occurred).   In *Singh*, the plaintiff sued for quiet title after the defendant lender recorded a notice of default and notice of trustee's sale, but prior to any foreclosure taking place.  *Id.* at *2–3.  The court recognized that the "purpose of a quiet title action is 'to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree each such interest or

KYL_LB1752535

1   estate therein as he may be entitled to." *Id.* at \*7 (quoting *Peterson v. Gibbs*, 147 Cal.

2   1, 5 (1905)).  However, "[b]ecause no foreclosure sale has yet occurred in this case,

3   there are no conflicting claims to the property.  Thus, plaintiff cannot state a claim for

4   quiet title, and amendment would be futile." *Id.*

5          Plaintiff does not allege that any foreclosure sale of the Subject Property

6   has taken place.  In fact, Plaintiff's own allegations confirm no foreclosure has taken

7   place: "Plaintiff herein represent that there is a foreclosure action that has been

8   *initiated*." (Compl. at 2) (emphasis added).  Indeed, no Trustee's Deed Upon Sale

9   appears in the chain of title.  Because no foreclosure sale has taken place, there are no

10  conflicting ownership claims to the property.  Accordingly, Plaintiff's cause of action

11  for Quiet Title is not ripe and should be dismissed.

12      **B.    PLAINTIFF'S QUIET TITLE CLAIM FAILS BECAUSE SHE**

13              **FAILS TO ALLEGE TENDER.**

14          In order to maintain a claim for quiet title in California, a plaintiff must

15  allege tender of the amount due and owing on the loan.  *See Miller v. Provost*, 26 Cal.

16  App. 4th 1703, 1707, (1994) ("[A] mortgagor of real property cannot, without paying

17  his debt, quiet his title against the mortgagee."); *Aguilar v. Bocci*, 39 Cal. App. 3d 475,

18  477 (1974) (trustor is unable to quiet title "without discharging his debt.  The cloud

19  upon his title persists until the debt is paid.").  A tender must be one of full performance

20  and must be unconditional to be valid.  Cal. Civ. Code §§ 1486, 1494; *Nguyen v.*

21  *Calhoun*, 105 Cal. App. 4th 428, 439 (2003) ("The rules which govern tenders are strict

22  and are strictly applied. . . . It is a debtor's responsibility to make an unambiguous

23  tender of the entire amount due or else suffer the consequence that the tender is of no

24  effect.").  "A quiet title action is doomed in the absence of Plaintiffs' tender of the full

25  amount owed." *Gjurovich v. Cal.*, 2010 U.S. Dist. LEXIS 118797, at \*8 (E.D. Cal.

26  Oct. 26, 2010).

27          Here, Plaintiff fails to allege tender.  Nor is there any indication that

28  Plaintiff is capable or willing to offer tender of the full amount owing on the loan

KYL_LB1752535

1    secured by the Subject Property.  Accordingly, Plaintiff's Quiet Title cause of action

2    should be dismissed.

3        **C.**    **<u>PLAINTIFF'S CLAIM THAT THE DEED OF TRUST IS INVALID</u>**

4                **<u>IS BARRED BY THE STATUTE OF LIMITATIONS AND</u>**

5                **<u>WITHOUT MERIT.</u>**

6            Plaintiff's Quiet Title claim is based in part on her claim that the Deed of

7    Trust to WaMu encumbering the Subject Property, which she acknowledges to have

8    been executed on or about August 30, 2005 and recorded on or about September 6,

9    2005, was "incorrect, false, and/or otherwise misplaced and untrue."  (Compl. ¶ 3.)  The

10   legal and factual basis for Plaintiff's allegation that the Deed of Trust is "false" is not

11   clear, and therefore the applicable statute of limitations is not clear.  However, under

12   California Code of Civil Procedure, "the general catch-all statute of limitations period"

13   is four years.  *Costa Serena Owners Coalition v. Costa Serena Architectural Com.*, 175

14   Cal. App. 4th 1175, 1195 (2009).  California Code of Civil Procedure section 343

15   provides, "An action for relief not hereinbefore provided for must be commenced

16   within four years after the cause of action shall have accrued."  As the *Costa Serena*

17   court recognized, "the [California] Supreme Court has acknowledged that the four-year

18   limitations period of section 343 has been applied to claims seeking to set aside all

19   kinds of instruments for a variety of reasons," including deeds.  *Id.* at 1195 (citing

20   *Robertson v. Super. Ct.*, 90 Cal. App. 4th 1319, 1326 (2001)).

21           Likewise, in *Robertson*, the court recognized that a suit to set aside and

22   cancel a void instrument is generally subject to the four year statute of limitations in

23   section 343, except in cases of fraud or mistake, in which case the three-year statute of

24   limitations applies.  *Robertson*, 90 Cal. App. 4th at 1326 (citing *Moss v. Moss*, 20 Cal.

25   2d 640 (1942); *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (1945)).  "In short,"

26   the court held, "if there were ever any merit to the position that there is no limitations

27   period for actions brought under Civil Code section 3412 to declare an instrument void,

28   post-*Moss* and *Zakaessian* there certainly is none."  *Id.* at 1326-27.

KYL_LB1752535

1    The Deed of Trust encumbering the Subject Property has been a matter of
2    public record since September 6, 2005—well over eight years.  (Compl. at 8, ¶ 3; RJN
3    Exh. 2.)  Regardless of whether the three-year statute of limitations for fraud and
4    mistake or the four-year catch all statute of limitations applies, the time for Plaintiff to
5    bring a cause of action to challenge the validity of the Deed of Trust has long since
6    expired.  Further, even if Plaintiff's claim that the Deed of Trust is invalid were timely,
7    Plaintiff offers no facts to support her conclusory allegation that the Deed of Trust is
8    invalid, and for that reason alone it should be rejected.  *Cerecedes v. United States*
9    *Bankcorp*, 2011 U.S. Dist. LEXIS 51452, at *13 (C.D. Cal. Apr. 29, 2011) (granting
10   motion to dismiss claim for cancellation of deed of trust because "plaintiffs offer no
11   facts as to why the deed of trust is void and subject to cancellation").

12    Furthermore, Plaintiff's conclusory allegation, with no supporting facts,
13   that the Deed of Trust is "false" is insufficient to call the recorded Deed of Trust into
14   question, contradicts judicially noticeable facts, and should therefore be disregarded.
15   *Saber v. JPMorgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 8718, at *4 (C.D. Cal.
16   Jan. 23, 2014) ("The court may disregard allegations in a complaint that are
17   contradicted by matters properly subject to judicial notice.") (citing *Daniels-Hall v.*
18   *Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).  The legal effect of the judicially
19   noticeable Deed of Trust was to grant WaMu a security interest in the property to
20   secure repayment of the Subject Loan.  (RJN Exh. 2.); *Halajian v. Deutsche Bank Nat'l*
21   *Trust Co.*, 2013 U.S. Dist. LEXIS 20341, at *26 (E.D. Cal. Feb. 13, 2013) ("Based on
22   the judicially noticed Deed of Trust it appears that [borrower] and [lender] at least
23   agreed to the terms of the 15 pages of the Deed of Trust bearing [the borrower's]
24   initials and signature.").  Plaintiff's conclusory allegation that the Deed of Trust is
25   invalid should be rejected.
26   ///

27

28   ///

8

**D.      PLAINTIFF LACKS STANDING TO CHALLENGE DEFENDANT'S AUTHORITY TO INITIATE FORECLOSURE.**

Plaintiff challenges Defendants' security interest in the Subject Property and authority to foreclose under the Deed of Trust by disputing the validity of the Assignment recorded with the Orange County Recorder's Office on March 10, 2011, and attached as Exhibit C to Plaintiff's Complaint.  (Compl. at 6.)  The only basis for Plaintiff's challenge to the validity of this Assignment appears to be her allegation that the Subject Loan was "securitized," "assigned," or "sold away" before the Loan was assigned to Defendant.  Plaintiff further cites *Cervantes v. Countrywide Home Loans, Inc. et al.,* 656 F.3d 1034 (9th Cir. 2011), to argue that a party cannot invoke the power of sale under a deed of trust without the note.  This so-called "show me the note" cause of action has been routinely rejected in California.

As an initial matter, Plaintiff's claim fails because Plaintiff lacks standing to challenge Defendant's authority to initiate foreclosure proceedings.  California law "does not provide for a preemptive suit challenging standing [to foreclose]."  *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011); *see also Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) (holding that California Civil Code section 2924(a) does not "provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized").  Accordingly, to the extent Plaintiff brings this Quiet Title claim to challenge Defendant's right to foreclose under the Deed of Trust, Plaintiff lacks standing to bring such a claim.

Even if Plaintiff had standing to challenge Defendant's authority to initiate foreclosure, Plaintiff's "show me the note" cause of action "is invariably defeated by California's non-judicial foreclosure statutes."  *Beltran v. Accubank Mortg. Corp.*, 2012 U.S. Dist. LEXIS 96200, at *6 (E.D. Cal. July 10, 2012).  "Under California law, physical possession of the promissory note is irrelevant. . . . When a mortgage is sold, physical transfer of the note is not required."  *Id.* at *6, 9 (citing *In re Golden Plan of*

1  *Cal., Inc.*, 829 F.2d 705, 708–11 (9th Cir. 1986)).  Indeed, courts in California routinely

2  reject these so-called "show me the note" cases.  *See e.g., Beltran*, 2012 U.S. Dist.

3  LEXIS 96200, at *2; *Barnes v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 44146, at *4

4  (S.D. Cal. Mar. 27, 2012) ("[Plaintiff's] belief that Bank of America must possess

5  original documents in order for the debt to be valid is incorrect.").  Accordingly,

6  Plaintiff's allegation that Defendant is not in possession of the Note, even if true, does

7  not give rise to a cause of action under California law.

8        Plaintiff cites *Cervantes v. Countrywide Home Loans, Inc. et al.*, 656 F.3d

9  1034 (9th Cir. 2011), for the proposition that a party cannot foreclose under a deed of

10  trust without the note.  First, *Cervantes* is inapplicable to this case because Arizona law

11  governed the deed of trust at issue, not California law.  Additionally, Plaintiff's

12  argument is contrary to the actual holding in *Cervantes*.  The plaintiff in *Cervantes*

13  alleged that the nominal beneficiary, Mortgage Electronic Registration Systems

14  ("MERS") could not foreclose because it only acquired the deed of trust, which split the

15  deed of trust from the note.  *Id.* at 1044.  The court rejected plaintiff's conclusion that

16  this alleged "split" resulted in no party having the power to foreclose, but held that even

17  if MERS could not foreclose, plaintiff did not even allege that MERS initiated

18  foreclosure.  *Id.*  Rather, the trustee under the deed of trust initiated foreclosure in the

19  name of the lender, and plaintiff failed to challenge the trustee's authority to foreclose

20  as an agent of the lender.  *Id.*  Plaintiff's reliance on *Cervantes* is therefore misplaced.

21        Plaintiff also argues that "it is well-established law in California that a

22  Deed of Trust does not have identity separate and apart from the Note it secures" and

23  that assignment of a deed of trust alone is a "nullity."  (Compl. at 6) (quoting *Carpenter*

24  *v. Logan*, 83 U.S. 271, 274 (1872)).  It is telling that Plaintiff could only cite two cases

25  from the 1870s—*Carpenter and Henley v. Hotaling*, 41 Cal. 22, 28 (1871)—and a

26  California case from 1932 in support of this "well-established law."  These dated cases,

27  most of which are completely inapplicable, do not support Plaintiff's argument that

28  Defendant lacks authority to foreclose because Defendant allegedly does not possess

KYL_LB1752535

the Note.[1]  Thus, Plaintiff's unsupported allegations that Defendant lacks a valid security interest or authority to foreclose fail as a matter of law.

**E.**     **JUDICIALLY NOTICEABLE FACTS DEMONSTRATE THAT DEFENDANT ACQUIRED BENEFICIAL INTEREST IN THE SUBJECT LOAN.**

Plaintiff lacks standing to challenge Defendant's authority to initiate foreclosure proceedings.  Further, California law does not recognize Plaintiff's "show me the note" claim.  Even if it did, Plaintiff's allegation that her obligation to pay back the Loan was extinguished because it was "securitized" into an investment pool before Defendant obtained it is without merit.  (Compl. at 5–6.)  Plaintiff sets forth no facts to support her allegation that the Loan was securitized before it was assigned to Defendant, and her allegations are contradicted by judicially noticeable facts.  *Saber*, 2014 U.S. Dist. LEXIS 8718, at *4 ("The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice.") (citing *Daniels-Hall*, 629 F.3d at 998).

The Deed of Trust on record with the Orange County Recorder's Office establishes that Plaintiff obtained a loan from Washington Mutual Bank, FA ("WaMu") in the amount of $840,000 on August 24, 2005.  (RJN Exh. 1.)  The Purchase and Assumption Agreement ("P&A Agreement") on file with the FDIC establishes that WaMu's assets were acquired by JPMorgan Chase Bank, N.A. ("Chase") on September 25, 2008.  (RJN Exh. 2.)  Chase purchased all of WaMu's assets from the FDIC, including the Subject Loan.  The P&A Agreement provides:

> 3.1 Assets Purchased by Assuming Bank.  Subject to Sections 3.5, 3.6 and 4.8, the Assuming Bank hereby purchases from

---

[1] The *Carpenter* Court applied Colorado law (a territory at the time) not California law, and the case involved mortgages, not deeds of trust.  83 U.S. at 272.  The question at issue in *Henley* was whether the parties intended a conveyance to be an absolute conveyance or a mortgage.  41 Cal. at 26–28.  These cases are irrelevant.

KYL_LB1752535

1      the Receiver, and the Receiver herby sells, assigns, transfers,

2      conveys, and delivers to the Assuming Bank, all right, title,

3      and interest of the Receiver in and to all of the assets (real,

4      personal and mixed, wherever located and however acquired)

5      including subsidiaries, joint ventures, partnerships, and any

6      and all other business combinations or arrangements, whether

7      active, inactive, dissolved or terminated, of the Failed Bank

8      whether or not reflected on the books of the Failed Bank as of

9      Bank Closing . . . .

10 (RJN, Exh. 2. )  By the terms of the P&A Agreement, Chase became the beneficiary

11 under the Deed of Trust.  *See, e.g, Haynes v. JPMorgan Chase Bank, N.A.*, 2011 U.S.

12 Dist. LEXIS 69703, at *16–18 (M.D. Ga. June 29, 2011) ("Chase pointed the Court to

13 evidence that it acquired  'all loans and all loan commitments' of WaMu on

14 September 25, 2008 . . . The undisputed evidence establishes that Chase is the assignee

15 of the Note and Security Deed.") (citing the P&A Agreement).

16      Judicially noticeable facts also demonstrate that Chase assigned beneficial

17 interest in the Subject Loan to Defendant's predecessor in interest, Bank of America,

18 National Association successor by merger to LaSalle Bank NA as trustee for WaMu

19 Mortgage Pass-Through Certificates Series 2005-AR15 ("Bank of America").  (Compl.

20 Exh. C; RJN Exh. 3.)  Subsequently, Defendant became beneficiary under the Deed of

21 Trust as successor Trustee to Bank of America.  (RJN Exh. 8.) (listing "U.S. Bank NA,

22 successor trustee to Bank of America, BA, successor in interest to LaSalle Bank, NA on

23 behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2005-

24 AR15" as "the present Beneficiary under [the] Deed of Trust").  Accordingly, the

25 judicially noticeable chain of title establishes that Defendant acquired beneficial interest

26 in the Subject Loan.  Plaintiff alleges no facts, beyond vague and conclusory

27

28 ///

12

KYL_LB1752535

allegations, to call any of these title documents into question.  Plaintiff's allegations that Defendant did not obtain beneficial interest in the Loan should be rejected.[2]

**F.** **PLAINTIFF'S ALLEGATIONS THAT AN ALLEGED PREVIOUS ASSIGNMENT OF BENEFICIAL INTEREST EXTINGUISHED THE UNDERLYING DEBT ARE WITHOUT MERIT.**

Plaintiff fails to present any facts whatsoever to support her allegation that the Subject Loan was securitized before Defendant became beneficiary of the Loan. Even if the Subject Loan were securitized, Plaintiff's argument that securitization of the loan would have extinguished the underlying debt is one that is consistently rejected by courts in California. *Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 175743, at *18 (C.D. Cal. Dec. 11, 2012) ("Although [plaintiff] contends that the Lender received payment in full upon securitization of his Note, courts have consistently disagreed, holding that 'the sale or pooling of investment interests in an underlying note [cannot] relieve borrowers of their mortgage obligations.'") (citation omitted); *Matracia v. JPMorgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 84066, at *9 (E.D. Cal. Aug. 1, 2011) ("Both alleged misrepresentations rely on the theory that securitization of a loan somehow removes the lender's ability to foreclose.  This theory has been roundly rejected."); *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."). Courts also routinely hold that plaintiffs lack standing under California law to seek a determination of whether a party has the right to initiate foreclosure based on securitization of the loan.  *See, e.g., Anderson v. U.S. Bank, N.A.*, 2014 U.S. Dist.

---

[2] It is anticipated that Plaintiff may argue that lack of recorded assignment of beneficial interest to Defendant precludes Defendant from exercising its authority as beneficiary under the Deed of Trust.  But under California law, "where a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded."  *Haynes v. EMC Mortgage Corp.*, 205 Cal. App. 4th 329, 336 (2012).

1    LEXIS 1636, at *13 (N.D. Cal. Jan. 6, 2014) ("The court has already [held] that

2    [plaintiffs] do not have standing under California law to seek a determination of

3    whether U.S. Bank has the right to initiate foreclosure.  The court again finds the

4    [plaintiffs] do not have standing to challenge the securitization of their loan.").

5         Plaintiff cites several cases, for example *Bank of Italy Nat. Trust & Sav.*

6    *Assn. v. Bentley*, 217 Cal. 644, 657 (1933), to argue that securitization of the Loan

7    extinguished her debt because "discharge of the obligation accomplishes the purpose of

8    which the trust was created, and the trust terminates." (Compl. at 7.)  These cases

9    might be relevant if Plaintiff were alleging that she discharged her obligation under the

10   Loan by paying the amount due.  Indeed, in *Winnet v. Roberts*, 179 Cal. App. 3d 909,

11   922 (1986), one of the cases relied upon by Plaintiff, the plaintiffs discharged their

12   obligation under the loan by "tender[ing] an amount equal to (indeed, in excess of) their

13   legal obligation to defendants."  As the court noted, "plaintiffs' payment in full of the

14   underlying debt also discharged both the obligation and the security."  *Id.*

15        To the contrary, in this case, Plaintiff is in significant default on her loan.

16   The original amount of the Loan as of August 24, 2005 was $840,000.  (RJN Exh. 1.)

17   The Notice of Default shows that Plaintiff's Loan was $34,993.97 in arrears as of

18   March 14, 2011.  (RJN Exh. 4.)  By May 6, 2014, the unpaid balance and other charges

19   on the Loan increased to approximately $1,035,127.47.  (RJN Exh. 9.)  Plaintiff makes

20   no allegation of tender or "payment in full," so her reliance on cases such as *Bank of*

21   *Italy* and *Winnet* is misplaced.  Plaintiff merely argues that an assignment of beneficial

22   interest discharges the obligation, but she fails to cite any authority in support of this

23   theory and, as set forth above, this "theory has been roundly rejected."  *Matracia*, 2011

24   U.S. Dist. LEXIS 84066, at *9.  Accordingly, Plaintiff's Quiet Title cause of action

25   fails to state a cause of action and should be dismissed with prejudice.

26   ///

27

28   ///

KYL_LB1752535

# V.

## CONCLUSION

The Complaint fails to state facts sufficient to constitute a cause of action, and there exists no reasonable possibility that amendment might cure the defects. Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

DATED:  July 17, 2014

/s/ Joshua Norton
DAVID D. PIPER
JOSHUA NORTON
KEESAL, YOUNG & LOGAN
Attorneys for Defendant U.S. BANK
NATIONAL ASSOCIATION, AS
SUCCESSOR TRUSTEE TO BANK OF
AMERICA, N.A. AS SUCCESSOR BY
MERGER TO LASALLE BANK N.A.,
AS TRUSTEE FOR WAMU
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-AR15,
ERRONEOUSLY SUED AS BANK OF
AMERICA, N.A. AS SUCCESSOR IN
INTEREST TO LASALLE BANK N.A.
AS TRUSTEE FOR WAMU
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-AR15

15